UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **VINCENT HILL, JR.**, Defendant. | 2:18-CR-20335-TGB-MKM <br><br> **ORDER DENYING DEFENDANT'S MOTION REQUESTING JUDICIAL RECOMMENDATION CONCERNING RRC PLACEMENT (ECF NO. 24)** |

This matter is before the Court on pro se Defendant Vincent Hill's motion requesting a judicial recommendation concerning placement in a Residential Reentry Center ("RRC") or "Halfway House." Based on the Court's review of the motion and further review of the record in this case, the Court determines that a recommendation to place Mr. Hill in an RRC for the final 12 months of his sentence is premature. Accordingly, the Court **DENIES** Defendant's motion requesting a judicial recommendation concerning placement in an RRC at this juncture.

## I. BACKGROUND

In August 2018, Mr. Hill was sentenced to a 7-year term of imprisonment after pleading guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Judgment, ECF No. 19,

1

PageID.76–77. Mr. Hill is now 35 years old, and his current projected release date is February 12, 2025, including good conduct time. Government's Response to Defendant's Motion Requesting a Judicial Recommendation Concerning RRC Placement, ECF No. 28, PageID.190.

During his incarceration, Mr. Hill has completed numerous education classes, drug treatment programs, and job training courses. Government's Exh. B, ECF No. 29-1 (sealed), PageID.198; Defendant's Motion Requesting a Judicial Recommendation Concerning RRC Placement, ECF No. 24, PageID.165, PageID.177, PageID.180. Mr. Hill reports that he has consistently worked as a cook in the prison food service department, but otherwise lacks specialized skills from prior employment. ECF No. 24, PageID.155, PageID.176. Mr. Hill further explains that he has not received any discipline while incarcerated, and his inmate records corroborate that he had no discipline history between October 2021 and February 2022. *Id.* at PageID.155, PageID.180. Lastly, Mr. Hill's family circumstances have motivated him to ensure that he is prepared to reintegrate and obtain fulfilling employment. Mr. Hill explains that his 12-year-old son is currently in the custody of Mr. Hill's mother, who maintains only part-time employment as a home healthcare worker and suffers from diabetes. *Id.* at PageID.154–55. The mother of Mr. Hill's son has struggled with serious physical and mental health issues, and is not currently able to care for their child. *Id.* at PageID.155.

The Government filed a response to Mr. Hill's motion indicating that it has "no objection to the Court making any recommendation it sees fit," but emphasizes that the Court's recommendation is non-binding on BOP. ECF No. 28, PageID.194. The Government refrains from making its own recommendation because "any recommendation by the government as to [Mr. Hill's] RRC placement would unfairly impede on the BOP's administrative authority to determine the operations of its facility and the pre-release of inmates." *Id.* at PageID.193.

The Government also explains that BOP has not yet reviewed Mr. Hill's fitness for RRC placement because such reviews are conducted "17-19 months prior to the projected release date." *Id.* Given Mr. Hill's projected release of February 2025, BOP will not undertake this review until approximately July 2023 at the earliest. But the Government does not contradict Mr. Hill's statements about his clean discipline record, and recognizes that he "has taken many steps toward rehabilitation during his time in custody." *Id.* Indeed, the Government suggests that when BOP conducts its RRC assessment, it is likely that Mr. Hill will be placed in an RRC for the last 12 months of his sentence. *Id.* at PageID.194.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3624(c)(1), the BOP Director must "to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [their prison sentence] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to

3

adjust to and prepare for the reentry of that prisoner into the community," including placement in an RRC.

"The decision to provide RRC time is a discretionary determination left to the BOP." *United States v. Thelen*, No. 97-20015, 2019 WL 5616946, at *2 (E.D. Mich. Oct. 31, 2019). But "[a] court can make a recommendation that an incarcerated person serve part of their imprisonment in a community corrections facility," even if that recommendation is ultimately nonbinding on BOP. *United States v. Bartels*, No. 12-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016); *see also* 18 U.S.C. § 3621(b)(5). A request for a judicial recommendation made before the defendant is eligible for an RRC placement evaluation, however, is considered premature. *United States v. Jones*, No. 15-00373, 2018 WL 3126561, at *2 (N.D. Ohio June 26, 2018) ("A request for a recommendation for community confinement made before the BOP's 17 to 19 month timeframe is premature.").

### III. DISCUSSION

Mr. Hill asks this Court to recommend that BOP place him in an RRC for the last 12 months of his sentence before serving his 3-year term of supervised release. ECF No. 24, PageID.174–75. On the information before the Court, Mr. Hill is likely to be an appropriate candidate for maximum-length placement in an RRC. But because BOP will not evaluate Mr. Hill's RRC eligibility until approximately July 2023, Mr. Hill's request for a judicial recommendation is premature.

4

Mr. Hill is to be commended on his good conduct and thorough engagement with BOP programming. And as the Government points out, Mr. Hill's recent transfer to FCI Schuylkill allows him to participate in a Residential Drug Treatment Program that will further benefit his rehabilitation if successfully completed. ECF No. 28, PageID.193. This is a positive trajectory that places Mr. Hill in a strong position pending BOP's RRC assessment. But for now, the Court cannot yet make a recommendation on Mr. Hill's RRC placement.

## IV.  CONCLUSION

Defendant's motion requesting a judicial recommendation concerning RRC placement is therefore **DENIED**. Defendant may refile a motion requesting a judicial recommendation for RRC placement 17-19 months before the projected end of his sentence so that the Court may reevaluate whether to issue a recommendation to BOP.

**IT IS SO ORDERED.**

Dated: November 14, 2022   s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE